UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHEDRICK L. SMITH,

    Petitioner,

v.                                          Case No:  2:13-cv-382-FtM-38MRM

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

    Respondents.
_____/

**OPINION AND ORDER**[1]

Petitioner Shedrick Smith ("Petitioner" or "Smith"), initiated this action by filing a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1, "Petition") and memorandum of law (Doc. #2, "Memorandum") on May 16, 2013.[2]  Pursuant to the Court's

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

[2] The Court deems a petition "filed" by an inmate when it is delivered to prison authorities for mailing.  Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).  Absent evidence to the contrary, the date of filing is assumed to be the date the inmate signed the document.  Id.  If applicable, the Court also gives a petitioner the benefit of the state's mailbox rule with respect to his state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).  Under Florida's inmate "mailbox rule," Florida courts "will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if . . . the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date."  Thompson v. State, 761 So. 2d 324, 326 (Fla. 2000).

Order to respond and show cause why the Petition should not be granted (Doc. #8), Respondent filed a Limited Response (Doc. #10, Response) arguing that the Petition is time barred pursuant to 28 U.S.C. § 2244(d) because the evidence that Petitioner claims was "newly discovered" was not newly discovered.[3]   Respondent submits exhibits (Exhs. 1-22) in

---

[3]On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA).   This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

support of the Response.  See Appendix of Exhibits (Doc. #12).  Petitioner filed a reply to the Response (Doc. #14, Reply).   This matter is ripe for review.

Petitioner challenges his 1999 judgment of conviction for first degree felony murder (Count One); attempted armed robbery (firearm/deadly weapon)(Count Two); and Possession of firearm by convicted felon (Count Three) entered by the Twentieth Judicial Circuit Court, Lee County, Florida (case number 98-CF-2356).  Petitioner was sentenced to life without parole on March 8, 2000.  Petition at 1.  Petitioner's sentences and conviction were *per curiam* affirmed on direct appeal on **Friday**, **April 20, 2001.**  Exh. 5. Consequently, Petitioner's state conviction became final on **Wednesday, July 18, 2001.** See 28 U.S.C. § 2244(d)(1)(A) and Rule of the Supreme Court of the United States, Rule 13.3 (ninety days after entry of the judgment or order sought to be reviewed).[4]   This was <u>after</u> the April 24, 1996, effective date of the AEDPA.   Thus, Petitioner's one-year time period for filing a federal habeas challenging his conviction expired on **Thursday, July 18, 2002.** [5] Consequently, the Petition filed in this Court on May 16, 2013, would be untimely, unless Petitioner availed himself of one of the statutory provisions which extends or tolls the time period.

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the time that "a properly filed application for state post-conviction or other collateral review with respect to the

---

[4] A conviction is deemed final upon "the conclusion of direct review or the expiration of the time for seeking such review." 20 U.S.C. § 2244(d)(1)(A).  For purposes of direct review, Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

[5] Applying "anniversary date of the triggering event."   Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008).

pertinent judgment or claim is pending." Here, **582 days** of the federal limitations period elapsed before Petitioner filed his first state post-conviction motion - - a motion pursuant to Florida Rule of Criminal Procedure 3.850 filed on February 20, 2003. See Exh. 5 (state court docket sheet); see also Exh. 6. However, by that time, Petitioner's AEDPA period had lapsed, and the Rule 3.850 motion could not operate to toll the statute of limitation. See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (a state court petition that is filed following the expiration of the federal limitations cannot toll the limitations period because there is no remaining period to be tolled). Consequently, the subsequent motions for postconviction relief filed by Petitioner, whether timely filed under Florida law or whether properly filed, are inconsequential for purposes of determining the timeliness of the Petition *sub judice*. "Once the AEDPA's limitations period expires, it cannot be reinitiated." Davis v. McDonough, No. 8:03-CV-1807-T-27TBM, 2006 WL 2801986, *4 (M.D. Fla. Sept. 27, 2006)(citing Tinker v. Moore, 255 F.3d 1331, 1333-34 (11th Cir. 2001), cert. denied, 534 U.S. 1144 (2002)). Thus, the instant Petition is due to be dismissed as untimely.

Petitioner argues that the Petition is not untimely because his one year to file the instant Petition should be calculated from the date he discovered "new evidence." See generally Memorandum. Petitioner refers the Court to certain arguments raised in the Petition and Memorandum (concerning: (1) counsel was ineffective where failing to move for suppression of Smith's statement where it was obtained in violation of his Fifth Amendment right against self-incrimination; and (2) counsel was ineffective for failing to move for suppression of physical evidence, which was obtained in violation of his Fourth, Fifth, Sixth, and Fourteenth Constitutional rights), contending that these claims were based on newly discovered evidence.

Under § 2244(d)(1)(D), the one-year limitations period may run from the date on which, as a result of exercising due diligence, the petitioner could have discovered the factual predicate of the claim or claims presented. 28 U.S.C. § 2244(d)(1)(D). Petitioner's arguments are unavailing. The Eleventh Circuit Court of Appeals has found that the key inquiry in determining timeliness under § 2244(d)(1)(D), is whether the petitioner exercised due diligence in discovering the evidence. Aron v. United States, 291 F.3d 708, 711 (11th Cir. 2002) (stating– in the context of a nearly identical provision in 28 U.S.C. § 2255(f)(4)– that "the court should begin the timeliness inquiry . . . by determining whether the petitioner exercised due diligence."); see also Ross v. Sec'y, Fla. Dep't of Corr., 517 F. App'x 731, 733 (11th Cir. 2013)(unpublished) (applying Aron in a § 2254 case). Petitioner is "presumed to have conducted a reasonable investigation of all facts surrounding [his] prosecution." In re Boshears, 110 F.3d 1538, 1540 (11th Cir. 1997) (citing McCleskey v. Zant, 499 U.S. 467, 498 (1991)). Due diligence in this context means reasonable diligence, not maximum feasible diligence. Aron, 291 F.3d at 712. None of the arguments Petitioner raises actually involve new evidence to trigger a later start date for the one-year limitations period because the factual predicate for the claims were available prior to trial. Specifically, as Respondent points out, information pertaining to the police informant wearing a wiretap was included in a police report and in a search warrant for Petitioner's home. Response at 6 (citing Exh. 16). Although Petitioner claims he did not discover this information from the police file until he filed a Freedom of Information Act request, see Memorandum, Petitioner acknowledges that he was aware of the recorded statements at the time he waived his Miranda rights and provided incriminating statements. Id. at 7 (citing Petition at 6; Exh. 20 at 4).

A petitioner is entitled to equitable tolling only if he can demonstrate that: (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.  Id. at 2562 (internal quotations and citations omitted).  "The diligence required for equitable tolling purposes is 'reasonable diligence,' not maximum feasible diligence."  Id. at 2565.  Further, to demonstrate the "extraordinary circumstance" prong, a petitioner "must show a causal connection between the alleged extraordinary circumstances and the late filing of the petition."  San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011).  The petitioner bears the burden of establishing that equitable tolling applies.  Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002).  Petitioner does not make such a showing in this case.

Based upon the foregoing, the Court finds the Petition is time barred and finds Petitioner has not demonstrated a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him.  Therefore, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

ACCORDINGLY, it is hereby

**ORDERED**:

1. The § 2254 Petition (Doc. #1) is **DISMISSED** with prejudice as time-barred.

2. The **Clerk** shall enter judgment dismissing this case with prejudice, terminate any pending motions and deadlines, and close this case.

## CERTIFICATE OF APPEALABILITY AND

## LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking to appeal a district court's final order denying his

petition writ of habeas has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003)(citations omitted).  Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Fort Myers, Florida on this 1st day of July, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

FTMP-1
Copies: All Parties of Record